1  John E. Walker, SBN: 166270
2  E-Mail: jwalker@sacrowalker.com
   Michael Houshmand, SBN: 249191
3  E-Mail: mhoushmand@sacrowalker.com
4  SACRO & WALKER LLP
   700 North Brand Boulevard, Suite 610
5  Glendale, California 91203
6  Tel.: (818) 721-9597; Fax: (818) 721-9670

7  Attorneys for Plaintiff NEW YORK LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| NEW YORK LIFE INSURANCE COMPANY, | Case No. 2:21-cv-00762 |
|---|---|
| Plaintiff, | **PLAINTIFF NEW YORK LIFE INSURANCE COMPANY'S INTERPLEADER COMPLAINT** |
| vs. | |
| CAMILLE FARMER, an individual; TERESA HERD, an individual; and COMMUNITY FUNERAL DIRECTORS & CREMATIONS, INC. | |
| Defendants. | |

1

## COMPLAINT IN INTERPLEADER

Plaintiff, New York Life Insurance Company ("NYLIC"), by and through its undersigned counsel, for its Complaint in Interpleader alleges as follows:

### PARTIES

1. NYLIC is a corporation organized under the laws of New York with its principal place of business in New York, New York, and is duly licensed to do business in the State of New York.

2. Defendant Camille Farmer ("Camille") is a resident and citizen of Los Angeles County, California.

3. Defendant Teresa Herd ("Teresa") is a resident and citizen of Grenada County, Mississippi.

4. Upon information and belief, Defendant Community Funeral Directors and Cremation, Inc. ("Funeral Home") is organized under the laws of Mississippi with its principal place of business in Mississippi.

### JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1335 in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967). Upon information and belief, the defendants are citizens of California and Mississippi.

6. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

### CAUSE OF ACTION IN INTERPLEADER

7. Lee J. Farmer (the "Insured") was a member of AARP and eligible to apply for life insurance coverage under Group Policy Numbers AA-54 and AA-68,

1  which were issued by NYLIC to the Trustee of AARP Life Insurance Trust
2  (collectively the "Group Policies").

3      8.    By Member Enrollment Form dated March 21, 2010, the Insured applied
4  for group insurance and designated Nancy Cooperwood, sister, and Carolyn Holmes,
5  sister, as primary beneficiaries to the proceeds in equal shares. *A copy of the Member*
6  *Enrollment Form dated March 21, 2010 is attached hereto as **Exhibit A***.

7      9.    By Beneficiary Change Form dated December 27, 2010, the Insured
8  designated Camille Farmer, daughter, as primary beneficiary to the 2010 Policy
9  proceeds. *A copy of the Beneficiary Change Form dated December 27, 2010 is*
10 *attached hereto as **Exhibit B***.

11     10.    Pursuant to the Group Policy Number AA-54, the Insured was issued
12 individual life insurance certificate number A5054149 (the "2010 Policy") with an
13 Insurance Date of March 26, 2010. *A specimen copy of the 2010 Policy Certificate in*
14 *effect at the time of the Insured's death is attached hereto as **Exhibit C***.

15     11.    By Member Enrollment Form dated May 3, 2017, the Insured applied for
16 group insurance and designated Camille Farmer, daughter, as primary beneficiary to
17 the proceeds. *A copy of the Member Enrollment Form dated May 3, 2017 is attached*
18 *hereto as **Exhibit D***.

19     12.    Pursuant to Group Policy Number AA-68, the Insured was issued
20 individual life insurance certificate number A9030201 with an Insurance Date of June
21 20, 2017 (the "2017 Policy") (collectively with the 2010 Policy, the "Policies"). *A*
22 *specimen copy of the 2017 Policy Certificate in effect at the time of the Insured's*
23 *death is attached hereto as **Exhibit E***.

24     13.    By Beneficiary Change Forms dated August 23, 2018, the Insured
25 designated Teresa Herd, niece, as primary beneficiary, to the 2010 Policy proceeds
26 and 2017 Policy Proceeds. *A copy of the Beneficiary Change Forms dated August 23,*
27 *2018 is attached hereto as **Exhibit F***.
28

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

14. Upon information and belief, on or about May 6, 2020, by electronic online access made on NYLIC's website, Camille was designated beneficiary to the 2010 Policy proceeds (the "Online Beneficiary Designation"). *A copy of the letter correspondence dated May 6, 2020 confirming the May 6, 2020 beneficiary change is attached hereto as **Exhibit G***.

15. Upon information and belief, the Insured died on May 18, 2020. *A copy of the Insured's Certificate of Death is attached hereto as **Exhibit H***.

16. As a result of the death of the Insured, 2010 Policy proceeds in the amount of $10,000 ("2010 Policy Death Benefit") and 2017 Policy proceeds in the amount of $5,000 ("2017 Policy Death Benefit") (collectively the "Death Benefits") became due to a beneficiary or beneficiaries and liability is conceded to that effect.

17. Upon information and belief, by Irrevocable Assignment and Power of Attorney dated May 25, 2020, Camille assigned a portion of the 2010 Policy Death Benefits in the amount of $6,100 to the Funeral Home ("Funeral Home Assignment"). *A copy of the Funeral Home Assignment dated May 25, 2020 is attached hereto as **Exhibit I***.

18. Upon information and belief, by telephone communication with NYLIC, on or about May 29, 2020, Teresa asserted a claim to the Death Benefits.

19. By fax correspondence dated June 1, 2020, Camille contested the 2018 designations to the Policies on grounds that the Insured was mentally incapacitated. In the same communication, she notified NYLIC that she made the May 6, 2020 Online Beneficiary Designation pursuant to power of attorney granted to her by the Insured and enclosed a document entitled "California Durable Power of Attorney" dated May 8, 2019 ("2019 POA"). *A copy of the fax correspondence dated June 1, 2020 with enclosed attachments are attached hereto as **Exhibit J***.

20. By letters dated June 26, 2020, NYLIC notified Camille and Teresa that the May 6, 2020 Online Beneficiary Designation to the 2010 Policy was not valid

based on the 2019 POA and reestablished the prior 2018 beneficiary designation for the 2010 Policy.

21. By fax communication dated September 14, 2020, Camille provided NYLIC with a letter from Wilbert Tsai M.D. dated August 24, 2020 stating that the Insured "demonstrated clinical elements of dementia and was not fully capable of making strong decisions since early 2018." *A copy of the September 14, 2020 fax correspondence with the enclosed letter from Wilbert Tsai M.D. is attached hereto as **Exhibit K**.*

22. As a mere stakeholder, NYLIC has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom the Death Benefits should be paid.

23. NYLIC accordingly will distribute the Death Benefits, plus applicable claim interest, if any, to the Clerk of Court for deposit into the Registry of the Court, for disbursement in accordance with the judgment of this Court.

24. NYLIC has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between NYLIC and any of the Defendants. NYLIC brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, NYLIC prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefits;

(b) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Death Benefits and/or the Policies;

(c) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefits should be paid;

(d) permitting NYLIC to deposit the amount of the Death Benefits, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e) discharging NYLIC from any and all further liability to Defendants relating in any way to the Policies and/or the Death Benefits upon payment of the Death Benefits into the Registry of this Court or as otherwise directed by this Court;

(f) awarding NYLIC its attorneys' fees and costs in their entirety; and

(g) awarding NYLIC any other and further relief that this Court deems just and proper

DATED: January 27, 2021

                                            Respectfully Submitted

By   /s/ John Walker
       John E. Walker
       Michael Houshmand
       Attorneys for Plaintiff New York Life Insurance Company

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203