John E. Walker, SBN: 166270
E-Mail: jwalker@sacrowalker.com
SACRO & WALKER LLP
700 North Brand Boulevard, Suite 610
Glendale, California 91203
Tel.: (818) 721-9597; Fax: (818) 721-9670

Attorneys for Plaintiff THE NEW YORK LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

NEW YORK LIFE INSURANCE COMPANY

PLAINTIFF,

V.

CAMILLE FARMER, an individual, TERESA HERD, an individual, and COMMUNITY FUNERAL DIRECTORS & CREMATIONS, INC.

DEFENDANTS.

Case No. 2:21-cv-00762-VAP-AS

**NEW YORK LIFE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT, RELIEF IN INTERPLEADER, AND REASONABLE ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: September 13, 2021
Time: 2:00 PM
Location: Courtroom 8A, 8th Floor
350 West 1st Street
Los Angeles, CA 90012



SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 13, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard by the above-entitled Court, the Hon Virginia A Phillips, presiding, located at 350 West 1st Street, Courtroom 8A, Los Angeles, CA 90012, Plaintiff New York Life Insurance Company ("NYLIC") will and hereby does move the Court for an Order: (1) pursuant to Federal Rules of Civil Procedure Rule ("F.R.C.P.") 55 entering default judgment against Community Funeral Directors & Cremations Inc.; (2) pursuant to F.R.C.P. 67, directing NYLIC to deposit with the Clerk of this Court the life insurance proceeds at issue herein; (3) directing the Clerk to deposit the proceeds into an interest-bearing account in accordance with F.R.C.P. Rule 67, Local Rule 67, and General Order 16-04 of September 30, 2016 until further order of the Court; (4) enjoining Defendants Camille Farmer, Teresa Herd, and Community Funeral Directors & Cremations Inc. (together, the "Adverse Claimants") from commencing or prosecuting any actions against NYLIC in any State or United States court relating to the Death Benefits or Policies at issue; (5) discharging NYLIC of all liability relating to payment of the Death Benefits or otherwise in connection with the Policies; (6) dismissing NYLIC from this action with prejudice; and (7) awarding NYLIC its reasonable attorneys' fees and costs as an interpleading stakeholder (the "Motion"),

This Motion is brought on the grounds that entering default judgment against Community Funeral Directors & Cremations Inc. is appropriate because they have been lawfully served and have not responded to NYLIC's interpleader complaint in compliance with the Court's Order dated June 15, 2021 (ECF Doc. No. 22), and that deposit of the disputed life insurance death benefits with the court and other relief enumerated above, including award of NYLIC's reasonable attorneys' fees and costs, is in order because NYLIC is a mere stakeholder whose interest in this matter is to avoid multiple liability exposure.

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

This Motion was brought after compliance with the meet-and-confer requirement set forth in Local Rule 7-3.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declarations of Tonya Thomson, Grace Pyun and John Walker, and such further evidence and argument as the Court may consider in connection with ruling on this motion.

DATED: August 4, 2021

SACRO & WALKER LLP

By: [signature]

JOHN WALKER
Attorneys for Plaintiff
THE NEW YORK LIFE INSURANCE COMPANY

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

**TABLE OF CONTENTS**

**I. PRELIMINARY STATEMENT ........ 1**

**II. FACTUAL BACKGROUND ........ 2**

**III. RELEVANT PROCEDURAL HISTORY ........ 3**

**IV. LEGAL ARGUMENT ........ 4**

**A. NYLIC is entitled to a Default Judgment against Defendant Community Funeral Home and Cremations Inc. ........ 4**

**B. Interpleader is the Appropriate Remedy When a Stakeholder Is Faced with the Potential for Multiple Liability ........ 7**

**C. The Court Should Dismiss NYLIC and Enjoin the Claimants From Commencing Further Actions ........ 8**

**D. NYLIC is Entitled to Partial Attorneys' Fees and Costs as a Properly Interpleading Stakeholder ........ 9**

**V. CONCLUSION ........ 11**

# TABLE OF AUTHORITIES

## Cases

*Cf. Nestle Beverage Co. v. Bayerische Vereinsbank S.A.*, 1993 WL 96584 (N.D. Cal. 1993) .......... 10

*Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261 (9th Cir. 1992) .......... 7

*Delaware Life Ins. Co. v. Schuster*, 2016 WL 6964060 (C.D. Cal. 2016) .......... 9

*Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415 (9th Cir. 2000) .......... 10

*Eitel v. McCool,* 782 F.2d 1470 (9th Cir. 1986) .......... 5

*Fidelity Nat'l Title Co.*, 2014 WL 6390275 (E.D. Cal. 2014) .......... 7

*Hyan v. Liberty Surplus Insurance Corp.*, 2014 WL 12573542 (C.D. Cal. 2014) .......... 7

*Mack v. Kuckenmeister*, 619 F.3d 1010 (9th Cir.2010) .......... 7, 8

*Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887 (9th Cir.2012) .......... 7

*Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977 (9th Cir.1999) .......... 7

*Minnesota Mut.*, 174 F.3d 977 .......... 9

*Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club Inc.,* 175 Fed. Appx. 519 n.1 (3d Cir. 2006) .......... 4

*Rhoades v. Casey*, 196 F.3d 592 (5th Cir.1999) .......... 8

*Schirmer Stevedoring Co., Ltd v. Seaboard Stevedoring Corp.*, 306 F.2d 188 (9th Cir. 1962) .......... 9

*Sun Life Assur. Co. of Canada v. Estate of Chan*, 2003 WL 22227881 (N.D. Cal. 2003) .......... 9, 10

*Televideo Sys. Inc. v. Heidenthal*, 826 F.2d 915 (9th Cir. 1987) .......... 6

## Rules

Fed. R. Civ. P. 55 .......... 4, 7

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff, New York Life Insurance Company ("NYLIC") respectfully requests an Order: (1) pursuant to F.R.C.P. 55 entering default judgment against Community Funeral Directors & Cremations Inc.; (2) pursuant to F.R.C.P. 67, directing NYLIC to deposit with the Clerk of this Court the life insurance proceeds at issue herein; (3) directing the Clerk to deposit the proceeds into an interest-bearing account in accordance with F.R.C.P. Rule 67, Local Rule 67, and General Order 16-04 of September 30, 2016 until further order of the Court; (4) enjoining Defendants Teresa Herd, Camille Farmer, and Community Funeral Directors and Cremations Inc. (together, the "Adverse Claimants") from commencing or prosecuting any actions against NYLIC in any State or United States court relating to the Plan or Death Benefits (both defined below); (5) discharging NYLIC of all liability relating to payment of the Death Benefits or otherwise in connection with the Plan; (6) dismissing NYLIC from this action with prejudice; and (7) awarding NYLIC its attorneys' fees and costs as an interpleading stakeholder.

## I. PRELIMINARY STATEMENT

This is an Interpleader action concerning competing claims to life insurance proceeds due as a result of the death of Lee Farmer (the "Insured") under AARP Group Policy Numbers AA-54 and AA-68. Camille Farmer ("Camille") disputes a 2018 beneficiary change in which Teresa Herd ("Teresa") was designated primary beneficiary of the Policies at issue, on grounds that the Insured was incapacitated at the time of the beneficiary change. Farmer also assigned a portion of the Death Benefits at issue in the amount of $6,100 to Cremation Funeral Directors and Cremations Inc. ("Funeral Home") and which has not been released due to the dispute and therefore is joined as a party with a claim to the Death Benefits.

NYLIC, as neutral stakeholder, concedes liability for payment of the proceeds, takes no position as to the Court's determination as to the proper beneficiary(ies), and has no interest in the proceeds at issue (except to recover its reasonable attorneys'

fees and costs as a properly interpleading stakeholder). Accordingly, NYLIC is entitled to relief in Interpleader.

## II. FACTUAL BACKGROUND

The Insured was provided life insurance coverage under Group Policy Numbers AA-54 and AA-68, which were issued by NYLIC to the Trustee of the AARP Life Insurance Trust. (Declaration of Tonya Thomson ("Thomson Decl.") ¶ 2) Pursuant to Group Policy Number AA-54, the Insured was issued individual life insurance certificate number A50544149 (the "2010 Policy"). (Thomson Decl. ¶ 3) By Beneficiary Change Form dated December 27, 2010, the Insured designated Camille as primary beneficiary to the 2010 Policy proceeds. (Thomson Decl. ¶ 4) By Group Policy Number AA-68, the Insured applied for and was issued individual life insurance certificate number A9030201 (the "2017 Policy"). (Thomson Decl. ¶ 5) When applying for the 2017 Policy, the Insured designated Camille, his daughter, as beneficiary of the 2017 Policy proceeds. (Thomson Decl. ¶ 5) By Beneficiary Change Forms dated August 23, 2018, the Insured designated Teresa, his niece, as primary beneficiary to the 2010 and 2017 Policy proceeds ("2018 Beneficiary Designation"). (Thomson Decl. ¶ 6) Upon information and belief, on or about May 6, 2020, by electronic access made on NYLIC's website, Camille was designated beneficiary to the 2010 Policy proceeds. (Thomson Decl. ¶ 7)

The Insured died on or about May 18, 2020 and as a result of his death, 2010 Policy Death Benefits in the amount of $10,000 and 2017 Policy Death Benefits in the amount of $5,000 (collectively, the "Death Benefits") became due to a beneficiary or beneficiaries. (Thomson Decl. ¶¶ 8-9) Upon information and belief, by Irrevocable Assignment and Power of Attorney dated May 25, 2020, Camille assigned a portion of the 2010 Policy Death Benefits in the amount of $6,100 to Community Funeral Directors and Cremation Inc. ("Funeral Home Assignment") (Thomson Decl. ¶ 10) On or about May 29, 2020, by telephone communication, Teresa asserted a claim to the Death Benefits. (Thomson Decl. ¶ 11) By fax correspondence dated on or about

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

May 29, 2020, Camille contested the 2018 designations to the Policies on grounds that the Insured was mentally incapacitated. In the same communication, she notified NYLIC that she made the May 6, 2020 Online Beneficiary Designation pursuant to power of attorney granted to her by the Insured and enclosed a document entitled "California Durable Power of Attorney" dated May 8, 2019 ("2019 POA"). (Thomson Decl. ¶ 12) On or about June 26, 2020, NYLIC notified Camille and Teresa that the May 6, 2020 Online Beneficiary Designation to the 2010 Policy was not valid and reestablished the prior 2018 beneficiary designation for the 2010 Policy. (Thomson Decl. ¶ 13) On or about September 14, 2020, Camille provided NYLIC with a letter from Wilbert Tsai M.D. dated August 24, 2020 stating that the Insured "was not fully capable of making strong decisions since early 2018." (Thomson Decl. ¶ 14 )

As mere stakeholder of the Death Benefits, NYLIC faces multiple competing claims to the Death Benefits and seeks relief in Interpleader in the instant action.

## III. RELEVANT PROCEDURAL HISTORY

On January 27, 2021, NYLIC filed a Complaint in Interpleader to resolve the competing claims of Defendants Camille, Teresa, and the Funeral Home to the $15,000 death benefit due. (ECF Doc. No. 1). All defendants in this matter are pro se and have been personally served or waived service of the summons and the Complaint. (ECF Doc. Nos. 14, 15, and 17) On or about April 27, 2021, by e-mail correspondence, NYLIC received a document entitled "Answer to Complaint" with an enclosed Proof of Service from Teresa Herd, indicating that she had mailed the document to the Clerk of the Court (NYLIC's Reply to Order to Show Cause ("OTSC"), ECF Doc. No. 18, Ex. A)[1]. On or about May 19, 2021, by e-mail correspondence, NYLIC received from the Funeral Home a document entitled "Respondent's Answer to Complaint" on the letterhead of the document that was

[1] On May 19, 2021, the Court issued an Order to Show Cause in connection with the defendants' Answers (ECF Doc. No. 16) and on May 26, 2012, NYLIC filed a written response explaining its intention to file a motion for interpleader relief once all defendants' responses to the complaint were filed. (ECF Doc. No. 26)



SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

addressed to the Court of the Clerk (NYLIC Reply to OTSC, ECF Doc. No. 18, Ex. B.) On or about June 10, 2021, the remaining defendant, Camille Farmer, filed her Answer (ECF. Doc. No. 19).

On or about June 16, 2021, the Court issued an Order rejecting the Funeral Home's document entitled "Respondent's Answer to Complaint" because it did not comply with Local Rule 32-2.2.2 requiring that organizations or entities must be represented by counsel. (ECF Doc. No. 22) On or about June 17, 2021, by e-mail correspondence, NYLIC sent a copy of the order to the Funeral Home's representative and notified them to refile the Funeral Home's Response. After hearing no response, NYLIC, by letter correspondence dated July 8, 2021, notified the Funeral Home that it was in default and that if it did not file a response to the complaint in compliance with the Court's June 16, 2021 by July 15, 2021, NYLIC would move for a judgment of default against it. (ECF. Doc. No. 24-1, Ex. C) To date, the docket does not reflect that an answer by the Funeral Home has been filed. On July 19, 2021, NYLIC filed a Request for Clerk's entry of default against the Funeral Home (ECF Doc. No. 24). On July 20, 2021, the Clerk entered default against the Funeral Home (ECF Doc. No. 25).

## IV. LEGAL ARGUMENT

### A. NYLIC is entitled to a Default Judgment against Defendant Community Funeral Home and Cremations Inc.

The Federal Rules of Civil Procedure provide that a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed R. Civ. P. 12(a)(1)(A). If a defendant fails to file an answer, default judgment may be sought against the defendant. Fed. R. Civ. P. 55. Prior to seeking a default judgment, an entry of default pursuant to F.R.C.P. 55(a) must be sought. *Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club Inc.*, 175 Fed. Appx. 519, 521 n.1 (3d Cir. 2006). After an entry of default is made, the moving party may move for default judgment under F.R.C.P. 55(b).

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

Here, the Funeral Home's time to answer expired on May 18, 2021. On May 19, 2021, by-email correspondence, NYLIC received from the Funeral Home a document entitled "Respondent's Answer to Complaint" (the "Funeral Home Answer"). The Funeral Home Answer was placed on Funeral Home letterhead. On or about June 15, 2021, the Court issued an Order rejecting the Funeral Home's Answer because it did not comply with Local Rule 32-2.2.2 requiring that organizations or entities must be represented by counsel (the "Court Order"). On or about June 17, 2021 by e-mail correspondence, NYLIC sent a copy of the Court Order to the Funeral Home's representative and notified them that the Funeral Home had to refile its answer. After hearing no response, NYLIC by letter correspondence dated July 8, 2021, notified the Funeral Home that it was in default and that if I did not file a response to the complaint in compliance with the Court Order by July 15, 2021, NYLIC would move for judgment of default against it. On July 19, 2021, NYLIC filed a Request for Clerk's entry of default against the Funeral Home and on July 20, 2021, the Clerk entered default against the Funeral Home.

The factors which a Court may consider in determining whether to grant a default judgment are: (1) possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As to the first factor, NYLIC will be prejudiced by the failure of the Funeral Home to answer because it will be unable to fulfill its contractual obligations to pay the Death Benefits. In order for NYLIC to obtain relief, including a release from liability, all parties must appear or adjudged in default. If the Funeral Home are not adjusted to be in default, NYLIC will remain exposed to multiple claims to the Death Benefits.

With respect to the second, third, and fourth factors, NYLIC seeks an order directing NYLIC to deposit the Death Benefits in the total amount of $15,000 plus applicable interest, if any, into the Court's registry pursuant to Fed. R. Civ. P. 67 and to be discharged from any further liability to the defendants in connection with the Policies and/or the Death Benefits, and does not seek a monetary judgment.

With respect to the fifth factor, there is no dispute concerning material facts. As default has already been entered in this case, the Court must take as true all factual allegations in NYLIC's Complaint, except those concerning damages. See *Televideo Sys. Inc. v. Heidenthal*, 826 F.2d 915-917-18 (9th Cir. 1987). Moreover, the Funeral Home has not appeared in this action.

With respect to the sixth factor, the failure of the Funeral Home to answer NYLIC's Complaint has not been due to excusable neglect. The Funeral Home was served on or about April 27, 2021 and it's time to answer expired May 18, 2021. Although the Funeral Home submitted a document entitled "Respondent's Answer to the Complaint" in on May 19, 2021, this document was rejected by the Court on June 15, 2021 as it did not comply with Local Rule 32-2.2.2. NYLIC notified the Funeral Home of the Court's Order and requested that it refile its answer. After hearing no response, NYLIC notified the Funeral Home by letter dated July 8, 2021 that it was in default. To date, the Funeral Home has not filed an answer in compliance with the Court Order or appeared in this action.

With respect to the seventh and final factor, the Funeral Home's failure to answer NYLIC's Complaint makes a decision on the merits impossible and prevents NYLIC from being fully released from liability relating to the Policies and Death Benefits as well as subjecting NYLIC to possible future claims and/or litigation.

Accordingly, in order to avoid further delay, and there being no reason to presume the Funeral Home having any intention to file an answer, the Court should enter final judgment by default against the Funeral Home. Moreover, no hearing will be necessary because the Court need not conduct an accounting, determine damages,

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

establish any truth of any allegation by evidence or investigate any other matter. FRCP 55(b)(2)(A)-(D).

**B. Interpleader is the Appropriate Remedy When a Stakeholder Is Faced with the Potential for Multiple Liability**

When a neutral stakeholder is subject to competing claims, interpleader allows the stakeholder to force the various claimants to litigate as to who is entitled to the money. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992). Under F.R.C.P. Rule 22, "[p]ersons with claims that may expose a [stakeholder] to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). "The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants to a single fund.'" *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir.2010), quoting *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir.1999); see also *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir.2012).

"Interpleader is proper if 'there is a single fund at issue' and if 'there are adverse claimants to that fund.'" *Hyan v. Liberty Surplus Insurance Corp.*, 2014 WL 12573542, *4 (C.D. Cal. 2014), quoting *Fidelity Nat'l Title Co.*, 2014 WL 6390275, *2 (E.D. Cal. 2014) (additional citations omitted). The stakeholder need only demonstrate a "real and reasonable fear" of multiple liability on the same obligation. *Michelman*, 685 F.3d, at 894 (citations omitted). "That requirement is satisfied by showing that adverse claims to the same property have been made. **The relative merits of the competing claims are not relevant**." Hyan, at *4 (emphasis added).

Here, the defendants each assert a competing mutually exclusive claim to the same Death Benefits, with Teresa on one hand and Camille and the Funeral Home on the other (collectively the "Adverse Claimants"). NYLIC concedes liability for such payment but as a result of the competing claims, NYLIC is entitled to interplead the Death Benefits and receive protection from the risk of multiple liability for payment of those proceeds.

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for interpleader have been met "by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Mack*, at 1023, quoting *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir.1999). "If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants." *Id*. at 1023–24 (citation omitted).

The Death Benefits are due as a result of the Insured's death. NYLIC concedes liability for payment of the Death Benefits and takes no position as to which of the competing claimants is entitled to the proceeds. NYLIC is contractually obligated to pay the Death Benefits only once under the terms of the 2010 and 2017 Policies; however, multiple competing claims have been asserted. On the one hand, NYLIC faces potential liability to Teresa, as a designated beneficiary, who seeks payment of the Death Benefits to her. On the other hand, NYLIC faces potential liability to Camille, as a prior beneficiary, who asserts that the 2018 beneficiary designation is invalid based on the Insured's incapacity, and also to the Funeral Home, to which a portion of the Death Benefits was assigned by Camille and may be owed for services rendered in connection with the death of the Insured. As such, by virtue of this lawsuit, NYLIC is subject to multiple liability. Each of the Adverse Claimants is a party to this action and continues to assert a claim to the Death Benefits. The Court is in the best position to determine which of the Adverse Claimants is entitled to the proceeds once interpleaded with the Court. NYLIC should be awarded Relief in Interpleader.

### C. The Court Should Dismiss NYLIC and Enjoin the Claimants From Commencing Further Actions

Once an action has been initiated, the Court may dismiss a stakeholder from the case and enjoin the claimants from separately suing the stakeholder over the same policy benefits. See 28 U.S.C. § 2361 (providing that district courts in interpleader

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

"shall hear and determine the case, and may discharge the [stakeholder] from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment"). "If an interpleading [stakeholder] has no interest in the stake **he should be dismissed**." *Delaware Life Ins. Co. v. Schuster*, 2016 WL 6964060, at *1 (C.D. Cal. 2016) (emphasis added), quoting *Sun Life Assur. Co. of Canada v. Estate of Chan*, 2003 WL 22227881, at *2 (N.D. Cal. 2003); see also, e.g., *Minnesota Mut.*, 174 F.3d 977 (affirming dismissal stakeholder after insurance proceeds to which there were competing claims deposited with court).

NYLIC should be dismissed from the action following deposit of the Death Benefits at issue, having no independent interest in the proceeds (except for reimbursements of its reasonable attorney's fees and costs as the interpleading party). NYLIC is also entitled to an injunction enjoining the Adverse Claimants from prosecuting an action in any other forum for payment of the Death Benefits or otherwise related to the Plan.

**D. NYLIC is Entitled to Partial Attorneys' Fees and Costs as a Properly Interpleading Stakeholder**

It has long been recognized in the Ninth Circuit that "in an action in the nature of interpleader, [the party seeking to interplead funds] should be awarded fees for the services of [its] attorneys in interpleading." *Schirmer Stevedoring Co., Ltd v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962); *Delaware Life Ins. Co. v. Schuster*, 2016 WL 6964060, at *3 (C.D. Cal. Sept. 14, 2016) (awarding fees to insurer stakeholder where the court found the insurer "acted in good faith and did not unnecessarily prolong the filing of [the interpleader motion]" after initially seeking consent to file same).

While the award of attorneys' fees and costs is within the court's discretion, "[a]s a general matter, a court will award fees from the proceeds where (1) the party seeking fees is a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability."

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

*Sun Life, supra*, 2008 WL 22227881 (awarding attorneys' fees and costs to insurer from the interpleaded funds for maintaining interpleader action, filing a motion in discharge, and opposing petition of estate) (internal citations omitted); see also *Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000) (fees generally paid from the policy benefits); *Cf. Nestle Beverage Co. v. Bayerische Vereinsbank S.A.*,1993 WL 96584, *3, (N.D. Cal. 1993) ("The court has discretion to award attorney's fees and costs: (1) against the losing claimants as costs to such claimants, (2) from the fund payable to the winning claimants, or (3) by dividing the fees among the claimants."). "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir.), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000) (citation omitted).

As more fully reflected in the accompanying declarations of Grace Pyun and John Walker, NYLIC has expended approximately $11,914 comprising $11,512 in fees and $402 in total costs related to this matter. Given that the amount of death benefits at issue in this matter is $15,000, NYLIC seeks a reduced fees and cost award in the total amount of $3,000, which reflects the costs related to the filing of this action, serve Camille, and induce defendants to file answers to NYLIC's Interpleader Complaint.

NYLIC does not dispute that the Death Benefit is due and owed to a beneficiary or beneficiaries. As a disinterested stakeholder faced with the threat of multiple liability and seeking to interplead the funds with this Court and be dismissed from this case, NYLIC is entitled to its attorneys' fees and costs it incurred in interpleading the funds and having the Defendants appear and answer in this litigation.

Prior to filing of this action, NYLIC sought to resolve this matter by facilitating settlement discussions among the Adverse Claimants, who refused and indicated their desire to litigate their claims to the Death Benefits. Throughout this litigation, in an

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

effort to minimize attorneys' fees for all parties and preserve the funds at issue, NYLIC sought to minimize cost and seek the consent of the Adverse Claimants to interplead the funds at issue and be dismissed from the action and was previously willing to waiving its request for attorneys' fees and costs, which are typically awarded to neutral stakeholders. The Adverse Claimants have refused to consent despite NYLIC's clear right to Interpleader Relief and additionally, NYLIC has incurred the additional expense of locating Camille and having to continually correspond with Camille and the Funeral Home to appear and submit answers in this matter. The Funeral Home has ceased to respond to NYLIC's efforts to induce them to file an answer in compliance with the Court's Order and NYLIC has been forced to expend additional time seeking an entry of default judgment against the Funeral Home. Thus, NYLIC has been required to extensively litigate this matter and incur the expense of bringing the present motion to protect its rights as a neutral stakeholder and properly interpleading party. Therefore, NYLIC is entitled to an award of its attorneys' fees and costs as more fully reflected in the concurrently filed Pyun and Walker declarations.[2]

## V. CONCLUSION

For the reasons stated above and as pled in its Complaint in Interpleader, NYLIC respectfully requests that the Court grant NYLIC's present Motion and enter and Order entering a judgment of default against Community Funeral Directors & Cremations Inc.; directing NYLIC to deposit the death benefits at issue and affording it all relief in Interpleader, including discharge of liability with respect to payment of the Death Benefits and the Policies and dismissal from the action with prejudice; and awarding NYLIC partial attorneys' fees and costs in the amount of $3,000.

///

[2] NYLIC respectfully reserves the right to supplement its request for attorneys' fees and costs as the litigation progresses and additional fees are incurred.

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

A proposed Order is submitted herewith in accordance with Local Rule 52-4.1

DATED: August 4, 2021 SACRO & WALKER LLP

By: /s/ John Walker
JOHN WALKER
Attorneys for Plaintiff
THE NEW YORK LIFE INSURANCE COMPANY

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203